Filed 2/11/14  P. v. Ramirez CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ROBERT RAMIREZ, JR.,<br><br>　　　Defendant and Appellant. | A139486<br><br>(Alameda County<br>Super. Ct. No. H52761) |

　　　Robert Ramirez, Jr., has appealed from a judgment and sentence following his guilty plea to unlawful taking of a motor vehicle, receiving a stolen motor vehicle, second degree commercial burglary and misdemeanor possession of a switchblade knife.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues for appeal.  Ramirez has also filed a supplemental brief.  After review of the record and consideration of the supplemental brief, we conclude that no issues merit further review and affirm.

## BACKGROUND

　　　An Alameda deputy sheriff responded to a call from a loss prevention officer at a Rite Aid store in Castro Valley.  The reporting employee told the deputy that two people were walking around in the store and putting merchandise in their pockets.  After the suspects had passed the checkout station and were about to exit the store, the deputy confronted them and detained and handcuffed Ramirez.  The deputy observed and retrieved a switchblade knife from Ramirez's front pocket, and a search of his pockets

1

recovered $98.71 in unpaid store merchandise.  It was later determined that Ramirez was driving a car that had been stolen the day before.

Ramirez was charged in a four-count criminal complaint with auto theft in violation of California Vehicle Code section 10851, subdivision (a), receiving a stolen motor vehicle in violation of Penal Code section 496d, subdivision (a), second degree commercial burglary in violation of Penal Code section 459, and misdemeanor possession of a switchblade knife in violation of Penal Code section 21510, subdivision (b).  The complaint also alleged 13 prior felony convictions, seven prior terms in state prison within the meaning of Penal Code section 667.5, subdivision (b), and a special allegation of a prior auto theft.

Ramirez entered no contest pleas to all four counts of the complaint and admitted all the special allegations and prior convictions.  In return for his plea, it was agreed that Ramirez would be placed on five years of formal probation conditioned upon his enrollment and participation in one of four specified drug treatment programs for a 12-month period.  Ramirez specifically agreed that if he failed to complete the assigned program, otherwise engaged in bad conduct or disobeyed the law he could be sent to prison for up to 11 years eight months.

After the court accepted his plea, on November 14, 2012, Ramirez was placed in the Options Recovery Services's Transitional Housing and Day Treatment program.  He left the program without permission on January 17, 2013.  Ramirez was back in custody by February 11, 2013, and on March 26 he was released on his own recognizance in order to allow him to report back to the Options program.  He failed to appear for a court progress review on May 7, 2013, and a bench warrant was issued for his arrest.

Ramirez was back in custody on June 3, 2013, and on June 20 his probation was revoked and he was sentenced.  On count one, the court imposed a three-year mid-term prison sentence for vehicle theft.  The sentence on count two was stayed pursuant to Penal Code section 654.  On count three, the court imposed a concurrent sentence of eight months, one-third the mid-term sentence for second degree burglary.  The court also imposed three one-year enhancements for prior prison terms, and ran the rest of the one-

2

year enhancements for prior prison terms concurrent to the three years.  Thus, Ramirez's total confinement was six years to be served in county jail pursuant to Penal Code section 1170, subdivision (h).  He was fined $120 as the sentence for the misdemeanor possession of the switchblade knife.  Other fines and fees were imposed as authorized by law, and he was awarded 450 days of presentence credits.  He timely appealed.

## DISCUSSION

Based upon our review of the record, we have no reason to question the sufficiency of the court's advisements, Ramirez's waivers or the explanation of the consequences of his plea. His plea appears to be free, knowing and voluntary.

In his supplemental brief, Ramirez seems to argue that he should have been allowed to withdraw his plea because the court enrolled him in a different program than any of those specified in his plea agreement.  There are two problems with Ramirez's line of reasoning.  The court only assigned Ramirez to the Options treatment program after Ramirez wrote a letter to the trial judge requesting that he be so assigned.  Moreover, Ramirez's probation was revoked for his failure to appear for a court progress hearing where he potentially could have straightened out any misunderstanding he may have had over the terms of his probation.  By his own admission, Ramirez's failure in the treatment program and his failure to appear in court for his progress hearing were both due to his relapse and drug use.

There was no error.  Our full review of the record reveals no issue that requires further briefing.

## DISPOSITION

The judgment is affirmed.

_____

Siggins, J.

We concur:

_____

Pollak, Acting P.J.

_____

Jenkins, J.